IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHEQUITA DANIELS and TERRELL LONG,**                               **PLAINTIFFS**
**Each Individually and On Behalf of All**
**Others Similarly Situated**

vs.                                     No. 4:18-cv-771-JM

**KNM HOLDINGS, LLC, KHALID KHAN**                                   **DEFENDANTS**
**and NASRULLAH MANJI**

## FIRST AMENDED AND SUBSTITUTED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT – LIABILITY DAMAGES ONLY

COME NOW Plaintiffs Shequita Daniels and Terrell Long, each individually and on behalf of all others similarly situated, and Defendants KNM Holdings, LLC, Khalid Khan and Nasrullah Manji, by and through their undersigned counsel, hereinafter referred to as "the Parties", and for their First Amended and Substituted Joint Motion for Approval of FLSA Settlement – Liability Damages Only, state and allege as follows:

1.      The Parties file this First Amended and Substituted Joint Motion to simplify the issues before the Court.

2.      On October 16, 2018, Named Plaintiff Shequita Daniels filed her Collective Action Complaint in this matter alleging violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). *See* ECF No. 1. On September 10, 2019, a Second Amended Complaint was filed which added Named Plaintiff Terrell Long. *See* ECF No. 32.

3.      Specifically, Named Plaintiffs filed their Second Amended Complaint on behalf of themselves and all other similarly situated hourly-paid employees for

Page 1 of 6
Shequita Daniels, et al. v. KNM Holdings, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-771-JM
**First Amended and Substituted Joint Motion for Approval of FLSA Settlement – Liability Damages Only**

Defendants, alleging that Defendants failed to pay proper overtime premiums for all hours worked in excess of forty (40) hours per week.

4. This Court conditionally certified a group of hourly-paid employees who worked at Church's Chicken franchises owned and operated by Defendants. Following distribution of notice, forty-one other individuals opted into the litigation. Six individuals later withdrew their consents to join the litigation (the remaining thirty-five Opt-in Plaintiffs are hereinafter collectively referred to as "Opt-in Plaintiffs").

5. During the course of this litigation, the Parties engaged in extensive discovery regarding Plaintiffs' time records, compensation, and issues related to the underlying merits of Plaintiffs' claims and Defendants' defenses. The parties also exchanged time and pay records for the Opt-in Plaintiffs. Defendants also took the deposition of Named Plaintiffs Shequita Daniels and Terrell Long.

6. In an effort to reach a compromise and to avoid the expense and burden of litigation, following arms-length negotiations between experienced counsel, Plaintiffs and Defendants entered into a Settlement Agreement which was submitted to the Court for *in camera* review on March 16.

7. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)

Page 2 of 6
Shequita Daniels, et al. v. KNM Holdings, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-771-JM
First Amended and Substituted Joint Motion for Approval of FLSA Settlement – Liability Damages Only

(same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

8. Assuming court approval is required, the Parties request the Court's review and approval of the liability damages and service award portions of the Settlement Agreement only.

9. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

10. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

11. The Parties agree that *bona fide* disputes exist between them. Plaintiffs claim that they and Opt-in Plaintiffs were required to clock out during their shifts but

Page 3 of 6
Shequita Daniels, et al. v. KNM Holdings, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-771-JM
First Amended and Substituted Joint Motion for Approval of FLSA Settlement – Liability Damages Only

continue working, and therefore they were required to work "off-the-clock," and that they were not compensated for the work performed after they clocked out. Defendants deny any liability or wrongdoing of any kind, deny that Plaintiffs or Opt-in Plaintiffs were required to work off-the-clock, deny that they know or should have known of any alleged off-the-clock work and deny that they deprived Plaintiffs and Opt-in Plaintiffs of compensation to which they were legally entitled. The Parties further dispute the number of off-the-clock hours and potential overtime hours worked.

12. The Parties have determined that it is in their mutual interest to resolve the liability damages as set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating damages, and the uncertainties and risks inherent to litigation. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal[1]. Plaintiffs and their counsel have specifically considered the potential value of their claims and have concluded that the amounts set forth in Exhibit 1 to the Settlement Agreement provide a fair and reasonable resolution of their claims and the claims of the Opt-in Plaintiffs. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendants' denial of Plaintiffs' claims.

---

[1] As a general rule, parties are free to negotiate settlements and jointly dismiss pending lawsuits as a matter of course. *See* Fed. R. Civ. P. 41(a)(1); *See also Barbee*, 927 F.3d at 1027 (noting that the right to dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) is "unconditional"). "Courts have held that there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Ware v. Ckf Enters.*, Civil Action No. 5: 19-183-DCR, 2020 U.S. Dist. LEXIS 82879, at *40 (E.D. Ky. May 12, 2020). "Settlement is the preferred means of resolving litigation." *Id.* The Eighth Circuit has explicitly held that "[t]he law strongly favors settlements" and that "[c]ourts should hospitably receive them." *Liddell by Liddell v. Bd. of Educ.*, 126 F.3d 1049, 1056 (8th Cir. 1997); *See also Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist.*, 726 F. Supp. 1544, 1548 (E.D. Ark. 1989) (noting that "a settlement of issues is preferred even when those issues have already been litigated"). A settlement agreement is a contract, and the law recognizes parties' freedom to enter into contract. *See Mackey v. Johnson*, 868 F.3d 726, 729–730 (8th Cir. 2017); *Grand Motors, Inc. v. Ford Motor Co.*, 564 F. Supp. 34, 38 (W.D. Mo. 1982).

Page 4 of 6
Shequita Daniels, et al. v. KNM Holdings, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-771-JM
First Amended and Substituted Joint Motion for Approval of FLSA Settlement – Liability Damages Only

13.     Further, the service awards set forth in the Settlement Agreement for Named Plaintiffs are in consideration of their efforts in identifying and bringing the lawsuit, and in exchange for a general release of claims.

14.     The Parties believe the liability damages and service award portions of the Settlement Agreement are a fair, reasonable and adequate compromise of a bona fide dispute and they request an Order from this Court confirming the same.

15.     If needed, the Parties will request a ruling on the issue of attorneys' fees and costs at a later time.

WHEREFORE, for the reasons stated above, Plaintiffs and Defendants respectfully request that the Court approve the liability damages (as set forth in Exhibit 1 to the Settlement Agreement) and service award portions of the Settlement Agreement, and for all other just and proper relief.

**Page 5 of 6**
**Shequita Daniels, et al. v. KNM Holdings, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-771-JM**
**First Amended and Substituted Joint Motion for Approval of FLSA Settlement – Liability Damages Only**

Respectfully submitted,

**PLAINTIFFS SHEQUITA DANIELS and TERRELL LONG, Each Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANTS KNM HOLDINGS, LLC, KHALID KHAN and NASRULLAH MAJI**

HALL, ESTILL, HARDWICK, GABLE
GOLDEN & NELSON, P.C.
75 N. East Avenue, Suite 402
Fayetteville, Arkansas 72701
Telephone: 479-973-5206

Robert Rhoads
Ark. Bar No. 80121
rrhoades@hallestill.com

/s/ M. Scott Hall
M. Scott Hall
Ark. Bar No. 07067
shall@hallestill.com

**Page 6 of 6**
**Shequita Daniels, et al. v. KNM Holdings, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-771-JM**
**First Amended and Substituted Joint Motion for Approval of FLSA Settlement – Liability Damages Only**